**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of an *Ex Parte* Application to Delay Notice Pursuant to the Right to Financial Privacy Act, 12 U.S.C. §§ 3401, *et seq.*, of an Investigative Subpoena of the Commodity Futures Trading Commission,<br><br>Applicant. | 1:21-mc-159-FYP<br><br>**Filed Under Seal** |

**COMMODITY FUTURES TRADING COMMISSION'S**
***EX PARTE* APPLICATION FOR AN ORDER**
**EXTENDING DELAY OF NOTICE OF AN INVESTIGATIVE SUBPOENA**

Pursuant to 12 U.S.C. § 3409, the Right to Financial Privacy Act of 1978 ("RFPA"), and to Local Rules 5.1(h) and 5.4(e), the Commodity Futures Trading Commission ("Commission"), by its Division of Enforcement ("Division"), respectfully submits under seal this *ex parte* application for an order extending the delay of notice for an additional ninety days of an J.P. Morgan Chase Bank, N.A. ("Chase") investigative subpoena that called for records pertaining to bank accounts held by Eshaq M. Nawabi ("Nawabi" or the "Account Holder"). The support for this application is set forth below.

1. On December 1, 2021, the Commission filed with the Court an Application for an *Ex Parte* Order Delaying Notice of an Investigative Subpoena and supporting documents ("First Application"). The First Application sets forth the Commission's legal authority to investigate the foreign currency scheme at issue and the factual impetus for the Division's investigation. *See* Declaration of Counsel ("Decl.") filed contemporaneously with this application.

2. On December 20, 2021, the Court granted the Commission's Application to Delay Notice pursuant to the RFPA, 12 U.S.C. § 3409, authorized delayed notice of an investigative

subpoena to Chase. *See* Doc. No. 4 ("Order"). Specifically, the Court ordered that notice to the account holders of the investigative subpoena issued to Chase "may be delayed for no more than ninety (90) days from the date that the subpoena is served by the Commission." *Id*. at 2.

3. On January 10, 2022, Division served the investigative subpoena on Chase, and through its ongoing investigative efforts, Division staff learned of two additional bank accounts that Nawabi appeared to be using to facilitate his foreign currency ("Forex") scheme. Decl. ¶ 4. Therefore, on January 31, 2022, the Commission asked the Court to modify its Order to authorize delayed notice with respect to two additional investigative subpoenas for records pertaining to accounts held by Nawabi at Wells Fargo & Company and the Bank of America, N.A. ("Additional Subpoenas"). *Id*.

4. On February 2, 2022, the Court issued an order granting the Commission application for the Additional Subpoenas. *See* Doc. No. 7 ("Modification Order"). On March 2, 2022, pursuant to the RFPA and the Modification Order, Division issued subpoenas to Wells Fargo & Company and the Bank of America, N.A. Decl. ¶ 5.

5. The RFPA authorizes the Division to issue investigative subpoenas to banks to obtain account records that are reasonably described in the subpoena if: "(1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry"; (2) the bank's customer has received the subpoena and a notice describing "the nature of the law enforcement inquiry"; and (3) a specific number of days have passed since service of such notice upon the customer, who has not objected. 12 U.S.C. § 3405.

6. The notice required by 12 U.S.C. § 3405(2), however, may be delayed pursuant to 12 U.S.C. § 3409, which states in relevant part:

> (a) Upon application of the Government authority, the customer notice required under section . . . 3405(2) . . . may be delayed by

> order of an appropriate court if the presiding judge or magistrate judge finds that --
>
> (1) the investigation being conducted is within the lawful jurisdiction of the Government authority seeking the financial records;
>
> (2) there is reason to believe that the records being sought are relevant to a legitimate law enforcement inquiry; and
>
> (3) there is reason to believe that such notice will result in--
>
> . . .
>
> (C) destruction of or tampering with evidence;
>
> . . .
>
> (E) otherwise seriously jeopardizing an investigation or official proceeding or unduly delaying a trial or ongoing official proceeding . . . .
>
> An application for delay must be made with reasonable specificity.
>
> (b)
>
> (1) If the court makes the findings required in paragraphs (1), (2), and (3) of subsection (a) of this section, it shall enter an *ex parte* order granting the requested delay for a period not to exceed ninety days . . . .
>
> (2) *Extensions of the delay of notice provided in paragraph(1) of up to ninety days each may be granted by the court upon application, but only in accordance with this subsection*.

12 U.S.C. § 3409 (emphasis added).

7. Here, an extension of an additional ninety (90) days is warranted because the information sought is relevant to the Commission's ongoing investigation and providing notice of the subpoenas to Nawabi would jeopardize the matter. Decl. ¶ 6. Specifically, absent the requested extension of the Order, the Commission is required by the RFPA to give notice to Nawabi regarding the issuance of the Chase subpoena. *Id*. Such notice would seriously jeopardize the investigation and may result in the dissipation of customer funds and the

destruction of, or tampering with records. *Id*. Accordingly, extending the Order by an additional 90-days is warranted pursuant Section 1109(a)(3)(C) & (E) of the RFPA. 12 U.S.C. § 3409(a)(3)(C) & (E).

8. For these reasons, in accordance with 12 U.S.C. § 3409(b)(2), the Commission respectfully requests that the Court: (1) grant this application; (2) issue the accompanying proposed order permitting the Commission to continue to delay notice of the Chase subpoena for an additional 90 days; and (3) direct the Clerk to maintain the file in this case under seal and to permit this application, the declaration filed herewith, the Commission's request to file under seal and its proposed orders to befiled under seal.

(*Signature line to follow*)

Dated: March 17, 2022

Respectfully submitted,

By:/s/ *W. Damon Dennis*

W. Damon Dennis, Trial Attorney
(Approved under L.C.v.R. 83.2(e))
wdennis@cftc.gov
202-934-0427

James H. Holl, III, Chief Trial Attorney
D.C. Bar No. 458473
jholl@cftc.gov
202-418-5311

Sarah Matlack Wastler, Trial Attorney
D.C. Bar No. 944534
swastler@cftc.gov
202-418-5199

Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW,
Washington, D.C. 20581
Telephone: (202) 418-5000
Fax: (202) 418-5531

*Attorneys for Applicant, Commodity Futures Trading Commission*